# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|                                                             ) | |
|           **Plaintiff,**                              ) | |
|                                                             )        **8:04CR422** | |
|     vs.                                                 ) | |
|                                                             )        **ORDER** | |
| JOHN PALMA,                                  ) | |
|                                                             ) | |
|           **Defendant.**                          ) | |

   This matter is before the court on defendant's MOTION TO CONTINUE TRIAL (#28). Trial is now set for May 17, 2005. The motion alleges good cause for a continuance, but defendant has not filed a waiver of speedy trial as required by NECrimR 12.1(a).[1] Accordingly,

   **IT IS ORDERED** that defendant's MOTION TO CONTINUE TRIAL (#28) is held in abeyance pending compliance with NECrimR 12.1. Defendant shall file the required waiver before the close of business on **May 10, 2005**.

   **DATED April 28, 2005.**

                              **BY THE COURT:**

                              s/ F.A. Gossett
                              **United States Magistrate Judge**

---

[1]The rule provides:
(a) **Content of Motion.** Unless excused by the court in individual cases, a motion to continue the trial setting of a criminal case must state facts demonstrating that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, (see 18 U.S.C. § 3161(h)(8)), or that for some other reason, the continuance will not violate the Speedy Trial Act. Unless excused by the court in individual cases, if the defendant is a moving party the motion shall be accompanied by the defendant's affidavit or declaration (see 28 U.S.C. § 1746) stating that defendant:
   (1)  Was advised by counsel of the reasons for seeking a continuance;
   (2)  Understands that the time sought by the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.;
   (3)  With this understanding and knowledge, agrees to the filing of the motion; and
   (4)  Waives the right to a speedy trial.