IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:04CR422** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JOHN PALMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the motion of defendant John Palma (Palma) to sever (Filing No. 42). Palma is charged in the Superseding Indictment along with co-defendant Kathleen Palma with a conspiracy to commit mail fraud (18 U.S.C. § 1341) and Social Security fraud (42 U.S.C. § 408(a)(4)) in violation of 18 U.S.C. § 371 (Count I). Palma and Kathleen Palma are also charged in Count II with mail fraud in violation of 18 U.S.C. § 1341. Palma is charged alone in Counts III and V with Social Security fraud in violation of 18 U.S.C. § 408(a)(4). Finally, Palma is charged in Count IV with making a materially false statement to the Social Security Administration in violation of 18 U.S.C. § 1001(a)(2). Palma seeks severance of the trial on Counts I and II from the trial on Counts III, IV and V pursuant to Fed. R. Crim. P. 14 alleging he will be unfairly prejudiced by a joint trial on all of the counts of the Superseding Indictment.

An evidentiary hearing was held on August 24, 2005. Other than requesting the court take judicial notice of the court file, neither side presented any evidence on the motion. A transcript of the hearing was filed on September 13, 2005 (TR. - Filing No. 48).

Count I of the Superseding Indictment charges Palma and his wife with a conspiracy to defraud the Nebraska Department of Labor and the Social Security Administration by fraudulently concealing that an unindicted employee was employed by the Palmas in their tavern business, and by reporting and assigning that employee's wages to the Palmas' daughter when reporting wages to the Internal Revenue Service, the Nebraska Department of Labor, and the Social Security Administration. The alleged artifice and scheme to defraud

allowed the unindicted employee to continue to receive Social Security disability benefits to which she would not have been entitled had her employment been properly reported to the various governmental agencies. It is alleged, in Count I, that the conspiracy occurred during the period of July 1, 1999 to October 30, 2002, and that numerous overt acts were committed in furtherance of the conspiracy, including but not limited to, various submissions by the Palmas in reporting and failing to report the wages of the unindicted employee. Count II of the Superseding Indictment charges the Palmas with one count of mail fraud relating to a particular mailing in furtherance of the conspiracy set forth in Count I.

Counts III, IV and V of the Superseding Indictment charge Palma only with various fraudulent activities relating to his own employment while working at the Palmas' tavern while continuing to receive Social Security disability benefits. Count III alleges a February 8, 2001 failure to inform the Social Security Administration of his employment. Count IV alleges a February 18, 2003 false statement to the Social Security Administration by Palma that he had not returned to work. Count V alleges a February 18, 2003 failure of Palma to disclose his employment at the tavern.

Palma asserts he will be unfairly prejudiced if he has to go to trial on all of the counts of the Superseding Indictment since the first two counts relate to a separate scheme relating to an employee's benefits and the last three counts relate to a separate scheme regarding his own Social Security benefits. Palma alleges the jury would improperly infer criminal disposition of one scheme by evidence of the other scheme, where each scheme had a different beneficiary and the evidence for each scheme does not overlap. The government asserts the jury can be properly charged to consider separately each scheme in their deliberations, and the evidence of each scheme would be admissible in evidence in separate trials in any event under Fed. R. Evid 404(b). Palma argues to the contrary and asserts that, even if evidence would be considered for admission under Fed. R. Evid 404(b), the evidence should be excluded under Fed. R. Evid. 403 as the danger of the unfair prejudice would substantially outweigh the probative value of such evidence.

Rule 14(a) of the Federal Rules of Criminal Procedure provides in part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In ***Zafiro v. United States***, 506 U.S. 534 (1993), the Supreme Court stated:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. **See *Bruton v. United States***, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. **See, e.g., *Tifford v. Wainwright***, 588 F.2d 954 (5th Cir. 1979) (per curiam). The risk of prejudice will vary with the facts in each case . . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in ***Richardson v. Marsh***, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211, 107 S. Ct. at 1709.

***Zafiro,*** 506 U.S. at 539; **see also *United States v. Running Horse***, 175 F.3d 635, 637 (8th Cir. 1999) ("Where the offenses are similar in character, occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate."). The court has "a wide range of discretion" in determining whether to grant a motion to sever. ***Running Horse***, 175 F.3d at 637.

The court finds there is nothing in the record which would indicate that the trial judge could not separate the relevant evidence on each count and properly instruct the jury. Nor is there any evidence to suggest that the trial of all counts would be unduly complicated to the extent that the jury could not properly separate their deliberations for each count based on appropriate instructions by the trial judge. Simply because evidence on some counts will be prejudicial does not require that the evidence be excluded. ***United States v. Noland***, 960 F.2d 1384, 1387 (8th Cir. 1992). This is especially true when the evidence in a joint trial would be admissible as evidence in a separate trial under Fed. R. Evid 404(b) to prove intent, knowledge, and/or absence of mistake as suggested by the government. ***United States v. Brooks***, 174 F.3d 950 (8th Cir. 1999); **see also *United States v. Boyd***, 180 F.3d 967, 981 (8th Cir. 1999). The court does not find that such evidence would be so highly prejudicial that any unfair prejudice would outweigh the probative value of such evidence at a joint trial requiring its exclusion under Fed. R. Evid 403.

Accordingly, Palma's motion for separate trials (Filing No. 42) should be denied.

**IT IS ORDERED:**

Palma's motion for severance (Filing No. 42) is denied.

### ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 22nd day of September, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge